UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE MAURICE STAMPS,<br><br>        Petitioner,<br><br>  v.<br><br>CONNIE GIBSON, Warden<br><br>        Respondent. | Civil No. 11-2048 LAB (WMc)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

  Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

**FAILURE TO SATISFY FILING FEE REQUIREMENT**

  Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis.[1] Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. See Rule 3(a), 28 U.S.C. foll. § 2254.

**FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

  In addition, Petitioner has not alleged exhaustion as to claim two. (See Pet. at 9.) Having preliminarily determined the petition contains an unexhausted claim, the Court notifies Petitioner

---

[1] On the same day he filed his Petition, September 2, 2011, Petitioner filed a separate document in which he describes difficulty procuring a certified copy of his prison trust account statement. [ECF No. 2.] However, it appears from the documents attached by Petitioner that he has not followed the Corcoran State Prison procedure for obtaining a certified trust account statement. Petitioner is advised to follow the procedures as outlined by the correctional facility in which he is incarcerated for obtaining a certified copy of his trust account statement.

of his options if he chooses to proceed with the case.

The exhaustion requirement is satisfied by providing the state courts with a "fair opportunity" to rule on Petitioner's constitutional claims. Anderson v. Harless, 459 U.S. 4, 6 (1982). In most instances, a claim is exhausted once it is presented to a state's highest court, either on direct appeal or through state collateral proceedings.[2] See Sandgathe v. Maass, 314 F.3d 371, 376 (9th Cir. 2002). The constitutional claim raised in the federal proceedings must be the <u>same</u> as that raised in the state proceedings. See <u>id.</u>

Here, it appears that Petitioner's claim that his trial counsel was ineffective for failing to put forth the imperfect self-defense theory was not presented to the California Supreme Court. (Pet. at 9.)

## 2. PETITIONER'S OPTIONS

To avoid the Court dismissing the petition on its own accord, Petitioner may choose one of the following options.

### i) First Option: Demonstrate Exhaustion

Petitioner may file further papers with this Court to demonstrate that he has in fact exhausted the claim the Court has determined are likely unexhausted. If Petitioner chooses this option, his papers are due no later than **November 22, 2011**. Respondent may file a Reply by **December 7, 2011**.

### ii) Second Option: Voluntarily Dismiss the Petition

Petitioner may move to voluntarily dismiss his entire federal petition and return to state court to exhaust his unexhausted claim. Petitioner may then file a new federal petition containing only exhausted claims. See Rose v. Lundy, 455 U.S. 509, 510, 520-21 (stating that a petitioner who files a mixed petition may dismiss his petition to "return[] to state court to

---

[2] 28 U.S.C. § 2254 (b)(1)-(2) states:
(b) (1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the           judgment of a State court shall not be granted unless it appears that
-
         (A) the applicant has exhausted the remedies available in the courts of the State; or
         (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that         render such process ineffective to protect the rights of the applicant.
     (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure           to the applicant to exhaust the remedies available in the courts of the State.

exhaust his claims"). If Petitioner chooses this second option, he must file a pleading with this Court no later than **November 22, 2011**. Respondent may file a reply by **December 7, 2011**.

Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations. Ordinarily, a petitioner has one year from when his conviction became final to file his federal petition, unless he can show that statutory or equitable "tolling" applies. Duncan v. Walker, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).[3] The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); see Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). But see Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."); Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under consideration by the state court, and therefore does not toll the statute of limitations), as amended 439 F.3d 993. However, absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending. Duncan, 533 U.S. at 181-82.

### iii) Third Option: Formally Abandon Unexhausted Claim

Petitioner may formally abandon his unexhausted claim and proceed with his exhausted one. See Rose, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may

---

[3] 28 U.S.C. § 2244 (d) provides:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

"resubmit[] the habeas petition to present only exhausted claims"). If Petitioner chooses this third option, he must file a pleading with this Court no later than **November 22, 2011**. Respondent may file a reply by **December 7, 2011**.

Petitioner is cautioned that once he abandons his unexhausted claim, he may lose the ability to ever raise it in federal court. See Slack v. McDaniel, 529 U.S. 473, 488 (2000) (stating that a court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive); see also 28 U.S.C. § 2244 (a)-(b).[4]

### iv) Fourth Option: File a Motion to Stay the Federal Proceedings

Petitioner may file a motion to stay this federal proceeding while he returns to state court to exhaust his unexhausted claim. There are two methods available to Petitioner, the "stay and abeyance" procedure and the "withdrawal and abeyance" procedure.

If Petitioner wishes to use the "stay and abeyance" procedure he should ask the Court to stay his mixed petition while he returns to state court to exhaust. Under this procedure he must demonstrate there are arguably meritorious claims which he wishes to return to state court to exhaust, that he is diligently pursuing his state court remedies with respect to those claims, and that good cause exists for his failure to timely exhaust his state court remedies. Rhines v. Webber, 544 U.S. 269, 277-78 (2005).

If Petitioner wishes to use the "withdrawal and abeyance" procedure, he must voluntarily withdraw his unexhausted claim, ask the Court to stay the proceedings and hold the fully-exhausted petition in abeyance while he returns to state court to exhaust, and then seek permission to amend his petition to include the newly exhausted claim after exhaustion is complete. King v. Ryan, 564 F.3d 1133 (9th Cir. May 5, 2009). Although under this procedure

---

[4] 28 U.S.C. § 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under § 2254 shall be dismissed unless:
(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

1  Petitioner is not required to demonstrate good cause for his failure to timely exhaust, the newly
2  exhausted claim must be either timely under the statute of limitations or "relate back" to the
3  claim in the fully-exhausted petition, that is, they must share a "common core of operative facts"
4  with the previously exhausted claim. King, 564 F.3d at1143, quoting Mayle v. Felix, 545 U.S.
5  644. 659 (2005).
6       If Petitioner chooses this fourth option, he must file a pleading with this Court no later
7  than **November 22, 2011**. Respondent may file a reply by **December 7, 2011**.

## CONCLUSION AND ORDER

9       Accordingly, the Court **DISMISSES** the Petition for Petitioner's failure to satisfy the
10 filing fee requirement and **NOTIFIES PETITIONER THAT HE HAS FILED A PETITION**
11 **THAT CONTAINS BOTH EXHAUSTED AND UNEXHAUSTED CLAIMS**. If Petitioner
12 wishes to proceed with this case, he must submit, **no later than November 22, 2011,** a copy of
13 this Order with the $5.00 fee or with adequate proof of his inability to pay the fee **AND** choose
14 one of the options outlined above. *The Clerk of Court is directed to send Petitioner a blank*
15 *Southern District of California In Forma Pauperis Application along with a copy of this*
16 *Order.*
17      **IT IS SO ORDERED.**

19 DATED: September 16, 2011

21                         HONORABLE LARRY ALAN BURNS
                           United States District Judge