UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE MAURICE STAMPS,<br><br>　　　　　　　　　　Petitioner,<br><br>vs.<br><br>MATTHEW CATE, Secretary, California Department of Corrections and Rehabilitation,<br>　　　　　　　　　　Respondent. | CASE NO. 11-cv-2048-LAB (WMc)<br><br>**ORDER: (1) DENYING PETITIONER'S MOTION FOR STAY AND ABEYANCE; AND (2) DENYING PETITIONER'S MOTION FOR AN EXTENSION OF TIME**<br><br>(ECF Nos. 6, 16) |

**I. INTRODUCTION**

Terrence Maurice Stamps (hereinafter "Petitioner"), a state inmate proceeding *pro se*, filed a Petition for Writ of Habeas Corpus on September 2, 2011, and a Request for Stay and Abeyance on February 15, 2012.[1] [ECF Nos. 1 and 6.] Connie Gibson,[2] Warden at the Corcoran California State Prison (hereinafter "Respondent"), filed a Response in Opposition to Motion for Stay. [ECF No. 10.] Respondent asked the Court to deny Petitioner's stay request. [ECF No. 10.] Petitioner moved for an extension of time to file a reply to Respondent's opposition on May 17, 2012 and ultimately filed his reply on June 7, 2012. [ECF Nos. 16, 18.]

///

---

[1] On September 16, 2011, the district court dismissed the petition without prejudice for failure to pay the filing fee and notified Petitioner his petition contained both exhausted and unexhausted claims.

[2] The Court *sua sponte* substituted Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation, as Respondent. [ECF No. 19.]

## II.  STATEMENT OF FACTS

**Jury Trial**

On December 19, 2008, a jury convicted Petitioner of first degree murder and found he discharged a firearm and caused great bodily harm or death. (Lodg. No. 1.)  The trial court sentenced Petitioner to an indeterminate term of fifty years to life imprisonment. (Lodg. No. 1.)

**Direct Appeal**

Petitioner filed a direct appeal to the California Court of Appeal, Fourth District. (Lodg. No. 3.) The California Court of Appeal denied the appeal on June 24, 2010.  (Lodg. No. 4.)  Petitioner then petitioned the California Supreme Court for review. (Lodg. No. 5.)  Petitioner claimed the trial court failed to instruct the jury on imperfect self-defense.  (Lodg. No. 5.)  The California Supreme Court denied review on September 1, 2010.  (Lodg. No. 6.)

**Federal Habeas Corpus Petition**

On September 2, 2011, Petitioner filed the habeas corpus petition now before this Court. [ECF No. 1.]  The petition contains two claims.  [ECF No. 1.] First, Petitioner presents the same failure to instruct claim he presented on direct review to the California Supreme Court. [ECF No. 1 at p. 6.] Second, Petitioner claims ineffective assistance of counsel because his trial counsel failed to request an instruction on imperfect self-defense.[ECF No. 1 at p. 9.]

On September 16, 2011, the Court dismissed the case without prejudice for Petitioner's failure to pay the filing fee and notified Petitioner that he filed a petition containing both exhausted and unexhausted claims because he did not allege exhaustion of the ineffective assistance of counsel claim. [ECF. No. 3 at p.5.]

**Petitioner's Petition to the California Supreme Court**

On December 19, 2011 Petitioner filed a habeas corpus petition at the California Supreme Court. (Lodg. No. 7.)  Petitioner presented the same ineffective assistance of counsel claim found in his federal petition. (Lodg. No. 7.) On April 18, 2012, the California Supreme Court denied the petition without citation. [ECF No. 18 at p. 9.]

**Petitioner's Request for Stay and Abeyance**

On February 15, 2012, Petitioner filed a Request for Stay and Abeyance.  [ECF No. 6.]  In

1  the request, Petitioner stated he intended to exhaust the second claim. [ECF No. 4 at 1.] Petitioner
2  stated his appellate counsel failed to include the ineffective assistance of counsel claim on direct
3  review. [ECF No. 6 at p. 1.] On March 26, 2012, Respondent opposed Petitioner's request for a stay.
4  [ECF No. 10.]

5      On June 7, 2012, Petitioner replied to Respondent's opposition. [ECF No. 18.]
6  In his reply, Petitioner stated his ineffective assistance of counsel claim was now exhausted because
7  the California Supreme Court denied his petition on April 18, 2012. [ECF No. 18.] Petitioner
8  contends this claim should not be dismissed and should relate back to his exhausted failure to
9  instruct claim. [ECF No. 18 at 2.]

10      **III.  ARGUMENTS**

11      Petitioner seeks a stay and abeyance of his petition in order to exhaust a pending claim
12  before the California Supreme Court. [ECF No. 6 at 1.] Petitioner cites *Rhines v. Weber*, 544 U.S.
13  269 (2005), to support his claim. [ECF No. 6 at 2.] Petitioner alleges his appellate counsel's failure
14  to raise the ineffective assistance of trial counsel claim prevented him from exhausting these claims.
15  [ECF No. 6 at 1-2.]

16      Respondent opposes a stay of Petitioner's habeas corpus claims under *Rhines* because
17  Petitioner did not demonstrate good cause or show the potential merit of his claims. [ECF No. 10 at
18  6.] Respondent argues Petitioner failed to demonstrate good cause because Petitioner's argument
19  regarding his appellate counsel's alleged failure lacks merit. [ECF No. 10 at 6.] Respondent also
20  argues Petitioner cannot establish his claim's potential merit because the California Court of Appeal
21  concluded his trial counsel made a tactical decision not to pursue imperfect self-defense and thus
22  rejected his claim. [ECF No. 10 at 6.]

23      Additionally, Respondent raises Petitioner's potential untimeliness issues under AEDPA,
24  citing *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) and *King v. Ryan*, 564 F.3d 1133 (9th Cir.
25  2009). [ECF No. 10 at 6-7.] Respondent notes that, if Petitioner's unexhausted ineffective assistance
26  of counsel claim does not relate back to the exhausted failure to instruct claim, he must comply with
27  the statute of limitations of the unexhausted claim. [ECF No. 10 at 6-7.] Petitioner would be unable
28  to comply because, Respondent contends, the statute of limitations expired on November 30, 2011.

1  [ECF No. 11 at 6.]  Respondent also argues Petitioner's return to the state courts could be futile
2  because of the nature of Petitioner's ineffective assistance of counsel claim. [ECF No. 10 at 7.]
3  Petitioner has been aware of the factual basis of the second claim since trial or, at least, when
4  appellate counsel filed the petition for review. Thus, Respondent contends, the California Supreme
5  Court would likely find Petitioner's claim untimely. [ECF No. 10 at 7.] Accordingly, Respondent
6  asks the Court to deny Petitioner's stay.

7       In his reply, Petitioner states his ineffective assistance of counsel claim was formally
8  exhausted as of April 18, 2012, when the California Supreme Court denied his habeas petition.
9  [ECF No. 18 at 1.] Petitioner also argues his ineffective assistance of counsel claim should relate
10 back to his exhausted failure to instruct claim because the two claims are sufficiently related or
11 intertwined. [ECF No. 18 at 3-4.] Petitioner argues he is entitled to equitable tolling because he, as a
12 layman, was unfamiliar with both the statutory deadline and the factual predicate of the ineffective
13 assistance of counsel claim. [ECF No. 18 at 6.] While Respondent and Petitioner submitted their
14 respective Opposition and Reply, the California Supreme Court denied Petitioner's unexhausted
15 claim. [ECF No. 18 at p. 9.]

16      **IV.  LEGAL STANDARD**

17 **Exhaustion**

18      State prisoners must exhaust each constitutional claim in state court before they seek federal
19 relief.  28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Insyxiengmay v.*
20 *Morgan*, 403 F.3d 657, 667 (9th Cir. 2005).  Thus, state prisoners cannot seek federal relief until "it
21 appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28
22 U.S.C. § 2254(b)(1)(A). Exhausting state remedies typically requires the petitioner to present his
23 claims to the state's highest court. This can be accomplished either on direct review or collateral
24 review. *See Reiger v. Christensen*, 789 F.2d 1425, 1427–28 (9th Cir. 1986).

25      State prisoners properly exhaust a constitutional claim when they allow state courts a "fair
26 opportunity" to decide the claim. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Picard v. Connor*, 404
27 U.S. 270, 276 (1971); *Lounsbury v. Thompson*, 374 F.3d 785, 787 (9th Cir. 2004).  Thus, the state
28 prisoner must set forth the operative facts and federal legal theory underlying a constitutional claim.

1  *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996); *Picard*, 404 U.S. at 275; *Kelly v. Small*, 315 F.3d
2  1063, 1069 (9th Cir. 2003), *overruled on other grounds by*, *Robbins v. Carey*, 481 F.3d 1143 (9th
3  Cir. 2007).  Also, the federal claim and the facts supporting it must be at least substantially
4  equivalent to a claim presented in state court.  *Vasquez v. Hillery*, 474 U.S. 254, 258 (1986);
5  *Pappageorge v. Summer*, 688 F.2d 1294, 1295 (9th Cir.1982).

6        The California Constitution provides that the superior courts, courts of appeals, and the
7  Supreme Court each have original jurisdiction in habeas corpus proceedings.  Cal. Const. art. VI, §
8  10.  A California state prisoner may file an original habeas petition in each of the three courts, and
9  each court may exercise its original jurisdiction.  *See Gaston v. Palmer*, 417 F.3d 1030, 1036 (9th
10 Cir. 2005) (*citing In re Clark*, 5 Cal. 4th 750 (1993)).  The Ninth Circuit construes "postcard
11 denials" (denials without comment or citation) as decisions on the merits.  *See Gaston*, 417 F.3d at
12 1038; *Hunter v. Aispuro*, 982 F.2d 344, 348 (9th Cir. 1992). Therefore, federal courts consider a
13 claim exhausted when the California Supreme Court denies the claim with comment or citation.  *See*
14 *Chambers v. McDaniel*, 549 F.3d 1191, 1197–98 (9th Cir. 2008); *Harris v. Superior Court*, 500 F.2d
15 1124, 1128–29 (9th Cir. 1974).

16 **AEDPA Time Limit**

17     Congress, through AEDPA, created a one-year statute of limitations for state prisoners to file
18 a federal habeas petition.  28 U.S.C. § 2244(d).  Untimely constitutional claims do not receive
19 judicial review. 28 U.S.C. § 2244(d).

20     In addition, a district court can *sua sponte* raise the statute of limitations issue when the
21 habeas corpus petition is obviously untimely on its face.  *Herbst*, 260 F.3d 1039, 1042.  However,
22 the court can only dismiss the petition after it "provides the petitioner with adequate notice and an
23 opportunity to respond."  *Id*. at 1043; *see also Day v. McDonough*, 547 U.S. 198, 210 (2006).

24 <center>**V. DISCUSSION**</center>

25 **Analysis of the Motion for an Extension of Time**

26    Petitioner filed a motion for an extension of time to file a reply to Respondent's opposition.
27 Petitioner improperly described his motion as a request for "extending the time for filing his
28 objections to the Magistrate's Report and Recommendations." [ECF No. 16, p. 1.] There is no

Report and Recommendation on the docket to which Petitioner could file objections. Based on the substance and timing of the motion, the Court construes Petitioner's request as one to extend the deadline for filing a reply to Respondent's opposition. In any event, Petitioner subsequently filed his reply and the Court has considered it in ruling on the motion to stay.

Accordingly, Petitioner's motion for an extension of time to file a reply is **DENIED** as moot.

**Analysis of the Motion to Stay**

The instant petition presents two claims: (1) failure of the trial court to instruct the jury on all theories of manslaughter; and (2) ineffective assistance of trial counsel.

Petitioner exhausted the failure to instruct claim because he petitioned the California Supreme Court to review the claim on direct review of his appeal. (Lodg. No. 5.) Petitioner also exhausted the ineffective assistance of trial counsel claim because he presented it in a habeas petition to the California Supreme Court, which denied the petition on April 18, 2012. [ECF No. 18 at p. 9.]

Based on the record presently before the Court, Petitioner presented both of the instant claims before the California Supreme Court. Petitioner himself stated in his Reply to Respondent's Opposition that his ineffective assistance of counsel claim was exhausted as of April 18, 2012. [ECF No. 18 at p. 1.] Accordingly, Petitioner's motion to stay and abey his petition to exhaust the ineffective assistance of counsel claim is moot because this claim was exhausted during the pendency of the motion.

Accordingly, Petitioner's motion to stay and abey is **DENIED** as moot.

**Timeliness of the Petition**

**1. Parties' Arguments Raise AEDPA Timeliness Issues**

In his Request for Stay and Abeyance, Petitioner claims his appellate counsel's failure to raise the ineffective assistance of counsel claim on direct review prevented him from exhausting his claims and the ineffective assistance of counsel claim should relate back to his exhausted failure to instruct claim. [ECF No. 6 at 1-2.] In opposition, Respondent acknowledges Petitioner's unexhausted claim *may or may not* relate back to the exhausted claim. [ECF No. 10 at 6.] Respondent notes the ineffective assistance of counsel claim could require the development of

1 different facts from the exhausted failure to instruct claim. [ECF No. 10 at 7.] Respondent argues
2 that, if the unexhausted claim does not relate back to the exhausted claim, Petitioner will be unable
3 to comply with the AEDPA statute of limitations. [ECF No. 10 at 6-7.] Respondent contends the
4 statute of limitations expired on November 30, 2011. [ECF No. 11 at 6.]

### 2. AEDPA Requires Petitioners to File Federal Claims Within One Year Statute of Limitations Unless Tolling Allowed

Absent tolling, state prisoners must file their federal habeas corpus petition before the one-year AEDPA statute of limitations period ends. 28 U.S.C. § 2554(d)(1). Federal courts cannot review untimely habeas corpus claims. 28 U.S.C. § 2244(d). Here, Respondent argues Petitioner's ineffective assistance of trial counsel claim may be untimely under the one-year AEDPA statute of limitations. [ECF No. 10 at 6-7.] However, neither the Petitioner, nor the Respondent received a full and fair chance to brief this issue.

Accordingly, the Court sets the following briefing schedule regarding Respondent's motion to dismiss the petition as untimely. Respondent may file a motion to dismiss *on or before August 15, 2012*. Petitioner may file a response to Respondent's motion *on or before September 7, 2012*. Respondent may file a reply *on or before September 21, 2012*.

### VII. CONCLUSION

For all the foregoing reasons, the Court **DENIES** Petitioner's motions as moot.

IT IS SO ORDERED.

Date: July 30, 2012

_____
Hon. William McCurine, Jr.
Magistrate Judge
United States District Court