# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE MAURICE STAMPS,<br><br>                          Petitioner,<br>  vs.<br><br>MATTHEW CATE,<br><br>                          Respondent. | CASE NO. 11-CV-2048-LAB-JLB<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

In December, 2008 Stamps was convicted of murdering a rival gang member and pimp and sentenced to 50 years to life in prison. On September 2, 2011 he filed a federal habeas petition asserting two claims: (1) the trial court erred in failing to *sua sponte* instruct the jury on self-defense/imperfect self-defense and defense of others; and (2) he received ineffective assistance of counsel because his counsel failed to request a self-defense instruction. His habeas petition was referred to Magistrate Judge McCurine for a Report and Recommendation, which is now before the Court.

The California Court of Appeal rejected Stamps's first claim under the doctrine of invited error. At trial, Stamps's counsel requested and received an instruction on manslaughter as a killing committed in the heat of passion, but he expressly declined a self-defense or imperfect self-defense instruction. (Lodgment 4 at 5–6.) The Court of Appeal held that this barred Stamps from subsequently challenging the Court's failure to give that

1 instruction. That holding was neither contrary to nor an unreasonable application of clearly
2 established federal law, nor was it based on an unreasonable determination of the facts in
3 light of the evidence. *See* 28 U.S.C. § 2254(d).

4       There are several other reasons that Stamps's first habeas claim fails, each well-
5 articulated in the R&R. First, to the extent Stamps's claim of instructional error is based on
6 state law, it isn't cognizable on federal habeas review. *Menendez v. Terhune*, 422 F.3d
7 1012, 1029 (9th Cir. 2005). Second, there is no federal constitutional right implicated by a
8 state court's failure to instruct on a lesser included offense, at least in a non-capital case.
9 *Windham v. Merkle*, 163 F.3d 1092, 1106 (9th Cir. 1998). Third, the uncontested facts of
10 this case don't support a self-defense claim. The victim was armed and threatened Stamps
11 earlier in the day, when he argued with one of Stamps's prostitutes out of Stamps's
12 presence, but Stamps shot him later in the day when he wasn't armed and after arguing with
13 him for some amount of time. In fact, the victim attempted to flee when Stamps began
14 shooting him. Fourth, the theory of Stamps's defense was that he wasn't the shooter, but
15 was misidentified by one of the victim's prostitutes. That was a reasonable and strategic way
16 to defend the case, but it's inconsistent with a claim of self-defense. Fifth, the jury convicted
17 Stamps of first-degree murder, which suggests that a self-defense instruction would have
18 made no difference anyway. That is a barrier to federal habeas relief. *Hedgpeth v. Pulido*,
19 555 U.S. 57, 61–62 (2008).

20       Stamps's objection to the R&R's treatment of his first claim is **OVERRULED**, and that
21 claim is **DENIED.**

22       The Court of Appeal rejected Stamps's second claim, for ineffective assistance of
23 counsel, because "the record shows that there was a reasonable tactical basis for counsel's
24 unwillingness to pursue an imperfect self-defense theory and, moreover, the jury's rejection
25 of the heat of the passion theory and its adoption of the prosecution's premeditation theory
26 shows that it would have also rejected an imperfect self-defense theory, which had far less
27 factual basis in the record." (Lodgment 4 at 7.) The weakest part of the prosecution's case
28 was the victim's prostitute's identification of Stamps, and counsel made a reasonable,

strategic decision to focus his defense on that. Again, the Court finds that this was neither contrary to nor an unreasonable application of clearly established federal law, nor was it an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d).

A trial counsel's performance is constitutionally deficient if it falls below an objective standard of reasonableness and prejudiced the defense, meaning there is a reasonable probability that but for the alleged shortcoming the result at trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As the R&R says, in light of evidence presented, trial counsel's decision to present provocation and mistaken identification theories, rather than a self-defense theory, was a reasonable decision. Even assuming the identification defense failed and defense counsel needed to present an alternative theory, the facts of this case are much better-suited to a heat-of-passion defense than a defense that Stamps feared for his own safety when he killed the victim.

Stamps's objection is **OVERRULED**, and his ineffective assistance claim is **DENIED**.

The Court **ADOPTS** the R&R in its entirety and **DENIES** Stamps's habeas petition. The Court also denies Stamps a certificate of appealability. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

**IT IS SO ORDERED**.

DATED: May 22, 2014

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge